(Name) WHITTIER BUCHANAN

(Address) PLEASANT VALLEY STATE PRISON

(City, State, Zip) COALINGA, CALIFORNIA, 93210

(CDC Inmate No.) K-02554

2254 ___ 1983 ✓

FILING FEE PAID
Yes ___ No ✓

IFP MOTION FILED
Yes ✓ No ___

COMES NOT TO
Court ✓ Pro Se ___

FILED
JUL 17 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# United States District Court
## Southern District of California

WHITTIER BUCHANAN,
(Enter full name of plaintiff in this action.)

                      Plaintiff,

v.

E. GARZA; L. FUGA;
SILVIA H. GARCIA; BAKER;
LIMON; SAUCEDO; G. PE-
DERSON; E.A. CONTRERAS;
A. VERKOUTEREN,
(Enter full name of each defendant in this action.)

                      Defendant(s).

'08 CV 1290 BTM BLM

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, WHITTIER BUCHANAN, (print Plaintiff's name) who presently resides at PLEASANT VALLEY STATE PRISON, (mailing address or place of confinement) were violated by the actions of the below named individuals. The actions were directed against Plaintiff at RICHARD J. DONOVAN CORRECTIONAL FACILITY (institution/place where violation occurred) on (dates) SEPT. 30, 2007 (Count 1), _____ (Count 2), and 5/23/07 (Count 3).

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)

::ODMA\PCDOCS\WORDPERFECT\22834\1

Defendant **E. GARZA** (name) resides in **San Diego**, (County of residence) and is employed as a **Lieutenant** (defendant's position/title (if any)). This defendant is sued in (his)/her ✓individual ✓official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant Garza is a Lieutenant of the Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to Richard J. Donovan Correctional Facility at Rock Mountain.

Defendant **L. FUGA** (name) resides in **San Diego**, (County of residence) and is employed as a **Correctional Officer** (defendant's position/title (if any)). This defendant is sued in (his)/her ✓individual ✓official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant L. Fuga is a Correctional Officer of the Department of Corrections who, at all times mentioned in this complaint, held the rank of peace officer and was assigned to Richard J. Donovan Correctional Facility.

Defendant **Silvia H. Garcia** (name) resides in **San Diego**, (County of residence) and is employed as a **Chief Deputy Warden** (defendant's position/title (if any)). This defendant is sued in his/(her) ✓individual ✓official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant Silvia H. Garcia is the Chief Deputy Warden of Richard J. Donovan Correctional Facility. She is legally responsible for the operation of R.J. Donovan Correctional Facility and for the welfare of all the inmates of that prison.

Defendant **E.A. Contreras** (name) resides in **San Diego**, (County of residence) and is employed as a **Associate Warden** (defendant's position/title (if any)). This defendant is sued in (his)/her ✓individual ✓official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant E.A. Contreras is the Associate Warden at Richard J. Donovan Correctional Facility. He is legally responsible for the operation of Richard J. Donovan Correctional Facility and the welfare of all the inmates of that prison.

1. Defendant Baker resides in San Diego and is employed as a Correctional Officer. This defendant is sued in his individual and official capacity. Defendant BAKER is a Correctional Officer of the Department of Corrections who, at all times mentioned in this complaint, held the rank of Peace Officer and was assigned to Richard J. Donovan Correctional Facility.

2. Defendant Limon resides in San Diego and is employed as a Correctional Officer. This defendant is sued in his individual and official capacity. Defendant Limon is a Correctional Officer of the Department of Corrections who, at all times mentioned in this complaint, held the rank of Peace Officer and was assigned to Richard J. Donovan Correctional Facility.

3. Defendant Saucedo resides in San Diego and is employed as a Correctional Officer. This defendant is sued in her individual and official capacity. Defendant Saucedo is a Correctional Officer of the Department of Corrections who, at all times mentioned in this complaint, held the rank of Peace Officer and was assigned to Richard J. Donovan Correctional Facility.

///
///
///
///

(2a)

1  Defendant G. Pederson resides in San Diego and
2  is employed as a Lieutenant. This defendant is sued
3  in his individual and official capacity. Defendant G.
4  Pederson is a Lieutenant of the Department of
5  Corrections who, at all times mentioned in this
6  complaint, held the rank of Lieutenant and was ass-
7  igned to Richard J. Donovan Correctional Facility.

9  Defendant A. Verkoutern resides in San Diego,
10 and is employed as a Correctional Officer. This De-
11 fendant is sued in his individual and official capaci-
12 ty. Defendant A. Verkoutern ~~resides~~ is a Correctional
13 Officer who, at all times mentioned in this com-
14 plaint, held the rank of Peace Officer and was
15 assigned to Richard J. Donovan Correctional Facility.

17 Defendant Jane Doe resides in San Diego, and is em-
18 ployed as a Correctional Officer. This defendant is sued in
19 her individual and official capacity. Defendant Jane Doe is a
20 Correctional Officer of the Department of Corrections who, at
21 all times mentioned in this complaint, held the rank of a
22 Peace Officer and was assigned to Richard J. Donovan Corr-
23 ectional Facility.

(2b)

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Freedom from Cruel and Unusual Punishment; Access to Courts; Freedom from Excessive Force; Right to Medical Care (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

While residing at Richard J. Donovan Correctional Facility, on March 1, 2007, I filed an Inmate Appeal Form (602) informing staff that I'd not been receiving my weekly allotment of indigent envelopes. On May 23, 2007, I again filed a 602 because defendants Baker, Limon, and Saucedo were all refusing to accept and/or pick-up any of my legal mail, denying my access to the court(s) as well as preventing me from corresponding with my attorney. On May 30, 2007, I filed a Citizen's Complaint on defendant E. Garza because after I finished dinner in the Chow Hall, I walked to the MTA's office to receive my evening medication. As I stood in line along with about (75) seventy-five other inmates and was about receive my medication, I heard defendant L. Fuga say my name. After receiving my medication I approached defendant Fuga and said; "I believe you said my name. I'm Buchanan." Defendant Fuga questioned; "You're Buchanan?" "Yes Sir!", I replied as I produced my I.D. card. Defendant L. Fuga then asked me if I had any legal mail of which I need to mail and/or send out. Realizing what this was all about, I began explaining to defendant L. Fuga how defendants Baker, Limon, and Saucedo refused to accept/pick-up my legal mail. As I was explaining my predicament, defendant Fuga observed the approaching defendant E. Garza and stated to him; "This is Buchanan." Defendant E. Garza then looked at me and demanded; "I want you to stop filing 602's." Incredulously, I replied; "If your officers would accept my legal mail I wouldn't have to file them." Defendant E. Garza' retort was; "My officers don't have to take your legal mail everytime you want to mail it out."

<u>Count 2</u>: The following civil right has been violated: Access to Courts; Due Process; Freedom from Cruel and Unusual Punishment; Excessive Force .
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

"On the contrary," I replied "That's exactly what your officers must do when I have legal mail to send out. You can't deny me access to the courts." I continued; "It's my (legal) right to have access with my attorney and with the courts." This is when Defendant E. Garza did prove to all who observed that he was (probably) under the influence of an uncontrolled substance by screaming; "You're a criminal! You don't have any rights!" While noticeably mentally impaired, I thought to enlighten Defendant E. Garza by stating; "No, if you're in cahoots with the officers who refuse to pick up my legal mail, preventing my access to the courts, that makes you and your subordinate(s) criminals. That's a federal crime," I informed him. Adamantly, Defendant E. Garza yelled; "You're in jail! You're a criminal!! You don't have any rights!!" I was so out-done that I simply asked Defendant E. Garza for his name. Unknowingly, this caused Defendant E. Garza to blow his top as he yanked-out his 'whipping-stick' and flicked his wrist hard causing it to extend, simultaneously, he screamed at me to "Get-down!" Because I thought he was going to hit me with his stick I said; "I don't have a problem with that," as I lay myself on the ground in a prone position. Defendant E. Garza then began shouting orders to his subordinates, the first (direct) order being; "Cuff-him!" Suddenly, I felt the crushing pain of two (2) knees slamming down on my back and buttocks causing a sharp knife-like pain that shot to the back of my neck. Defendant L. Fuga then grabbed my left arm and began jerking it behind my back. The pain was sharp and immediate as I yelled; "You can't put handcuffs behind my back! I have a medical chrono stating that I'm to be handcuffed in the front! I have herniated discs in

<u>Count 3</u>: The following civil right has been violated:
(E.g., right to medical care, access to courts,

§ 1983 SD Form (Rev. 5/98)                4                ::ODMA\PCDOCS\WORDPERFECT\22834\1

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

**Supporting Facts:** [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

my cervical and lumbar spine!" Defendant L. Fuga ignored my pleas and pulled my left arm so that he could put his knee on it, pinning it to my lower back, freeing one of his hands so that he could grab his handcuffs. Suddenly I realized that someone else was holding my right arm, also causing me pain, so I looked to my right and saw a female officer pulling my arm with both her hands while her knees were on my back and buttock. (I can't remember her name so I'll refer to her as Defendant Jane Doe.) Defendant Jane Doe began to twist my right arm toward Defendant L. Fuga as he pulled my left arm together with my right. I cried in pain; "You're hurting me! You can't handcuff me behind my back!" Incredulously, Defendant E. Garza gave his officers a direct order; "Hurt him! Yeah! Hurt him!" I glanced quickly at Defendant E. Garza and he was grinning wildly, displaying all of his teeth; his eyes wide open, obviously enjoying himself. It was Defendant L. Fuga, however, who jerked extremely hard on my left arm once, then twice, then a third time as I heard something pop in my shoulder, causing me excrutiating, agonizing, torturous pain. I cried out in pain as Defendant L. Fuga carried out the orders from Defendant E. Garza, who was now ordering me to 'sit-up!' I told him that I couldn't sit-up so Defendant E. Garza ordered Defendants L. Fuga and Jane Doe to 'sit-him-up'. Once in a sitting position, Defendant E. Garza ordered me to 'stand-up!' Again I replied; "I can't stand up... and again Defendant E. Garza ordered his subordinates to 'stand-him-up!' Now standing and enduring pain inflicted on my person, I faced Defendant E. Garza trying to read the name tag he was wearing. Defendant E. Garza began a verbal rampage spewing such verbiage barking; "I'll get rid of

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  Yes ✗ No.

1  of you?" "You don't want to fuck with me? Can you see my name?!"
2  "You don't know who you're fuckin' with!!!" As I stood there still hand-
3  cuffed behind my back and hurting with approximately sixty-to-se-
4  venty-five inmates witnessing this assault, Defendant E. GARZA then
5  gave Defendant L. FUGA a direct order barking; "Take him back to his
6  cell!" As Defendant L. FUGA began to escort me back to my cell
7  he asked me if I really had a medical chrono stating that I'm to
8  be handcuffed in front? My reply was; "Yes, I implored that
9  you cuff me in front but you chose to hurt me." I then
10 asked; "Could you cuff me in front now? I'm hurting
11 really bad. I think you popped my shoulder out of place."
12 "Can you take me to be seen by a doctor?" Defendant L.
13 FUGA denied my request/implore to see a doctor saying; "
14 "We're almost there. I gotta take you back to your cell. You
15 shoulda told me that you have a medical chrono." Defendant
16 L. FUGA was preoccupied with his assault on my person and
17 oblivious to my pain as he led me to my cell, removed
18 his handcuffs and said; "If you have any legal mail I
19 will come pick it up."
20      On June 3, 2007, Defendant A. VERKOUTERN signed my
21 602, Log.# RJD 07-1466, stating that Defendant Saucedo picked-
22 up legal mail that day. He knew, however, that Defendant
23 Saucedo had failed to accept my legal mail prior to this
24 date mentioned above. Defendant A. VERKOUTERN chose to ignore
25 that Defendants Saucedo, Baker, and Limon had been refusing
26 to accept my legal mail. Defendant A. VERKOUTERN was sent
27 to cover-up the malfeasance of which lead to the assault
28 to my person on May 30, 2007.

(5a)

Defendant Silvia H. Garcia knew or should have known of the assault on my person as she signed appeal Local Log. No. #RJD-07-01466 on October 23, 2007 as well as on October 18, 2007. She also signed appeal Log No. #RJD-07-01433 on August 17, 2007, as well as on September 4, 2007. These appeals plainly state how defendant E. Garza ordered defendants L. Fuga and Jane Doe to "Hurt him!" Defendant Silvia H. Garcia also signed Appeal Log. No. # PVSP-07-01670 on November 5, 2007, as well as on October 25, 2007.

Defendant G. Pederson interviewed plaintiff on June 20, 2007, and during said interview told plaintiff that he too, would have called plaintiff a 'criminal'. (Log # RJD-07-1433) He knew of Staffs' malfeasance as he signed appeal Log. # #PVSP-07-01670 on August 08, 2007 and Appeal # RJD-07-01433 on June 22, 2007. However, Defendant G. Pederson chose to be in cahoots with his subordinates conduct.

E.A. Contreras is responsible for the welfare of the inmates at Richard J. Donovan Correctional Facility and knew of Staff's malfeasance as he signed Appeal Log # RJD-07-00907 concerning a mail issue with plaintiff, on June 1, 2007. He also knew of the assault plaintiff endured at the hands of his subordinates as he signed Appeal Log # 07-1670 on August 22, 2007. Defendant E.A. Contreras also signed Appeal Log #07-01466 on July 10, 2007, showing that he knew that his subordinates refused to process my legal mail. Defendant E.A. Contreras proves that he's in cahoots by signing this

(5b)

1 the above appeal as it states that plaintiff was interviewed
2 by defendant E. GARZA on Tuesday, July 10, 2007. This is not true,
3 as plaintiff had no further conversation with the defendant
4 after May 30, 2007, the day of the assault.
5    Clearly, both defendant Wardens knew or should have
6 known of their subordinates malfeasance.

DATE: July 14, 2008



(5c)

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____N/A_____

Defendants: _____N/A_____

(b) Name of the court and docket number: _____N/A_____
_____N/A_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____N/A_____
_____N/A_____

(d) Issues raised:
_____N/A_____
_____N/A_____
_____N/A_____
_____N/A_____

(e) Approximate date case was filed: _____N/A_____
(f) Approximate date of disposition: _____N/A_____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

I filed several (602's) Inmate Appeal Forms concerning the enclosed issues. The results were not to my satisfaction as staff are in cahoots in the assault on my person. My appeals were denied, Hence, this Lawsuit

§ 1983 SD Form
(Rev. 5/98)

6

::ODMA\PCDOCS\WORDPERFECT\22834\1

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): 1) From Reprisals/Retaliating for the filing of this claim; 2) From preventing me from prosecuting my case and/or preventing me from doing my discovery or any legal work I need to do to keep up with the courts deadlines

2. Damages in the sum of $ 50,000.00 in Compensatory damages

3. Punitive damages in the sum of $ 100,000.00

4. Other: That I be transfered to Mule Creek and any other court costs, including filing fees; and other costs this court deems just.

### F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

July 14, 2008
Date

Whittier Buchanan
Signature of Plaintiff

JS-44
(Rev. 07/89)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILING FEE PAID**
Yes ✓  No __
**IFP MOTION FILED**
Yes __ No __
COPIES SENT TO
Court ✓  ProSe __

**FILED** JUL 17 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**I (a) PLAINTIFFS**

Whittier Buchanan

**DEFENDANTS**

E. Garza

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Fresno
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Whittier Buchanan
PO Box 8501
Coalinga, CA 93210
K-02554

**ATTORNEYS (IF KNOWN)**

'08 CV 1290 BTM BLM

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ _____   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____   Docket Number _____

DATE  7/18/2008

SIGNATURE OF ATTORNEY OF RECORD
W. Hammer