# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN<br>CDCR #K-02554,<br><br>                       Plaintiff,<br><br>vs.<br><br>E. GARZA; LUI FUGA; SILVIA GARCIA; ELIAS CONTRERAS; RAY BAKER; RICARDO LIMON; ANGEL SALCEDO; GARY PEDERSON; ANTHONY VERKOUTEREN; JANE DOE; HODGE; STERLING; NOLA GRANNIS; JOHN DOE;<br><br>                       Defendants. | Civil No.   08cv1290 BTM (WVG))<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>**[Doc. No. 46]** |

In this prisoner civil rights case, Whittier Buchanan ("Plaintiff"), is proceeding in pro se and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). Defendants Baker, Contreras, Fuga, Garcia, Garza, Limon, Pederson, Salcedo and Verkouteren have filed a Motion to Dismiss Plaintiff's First Amendment Complaint ("FAC") pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 46]. The remaining Defendants, Sterling, Hodge and Grannis,

were only recently served with Plaintiff's FAC and have until August 3, 2010 to file their Answer or a Rule 12 motion. [Doc. Nos. 55, 57, 59].[1]

I. **Factual Background**[2]

In his First Amended Complaint, Plaintiff alleges that the events that gave rise to this action occurred while he was incarcerated at the Richard J. Donovan Correctional Facility ("RJD") from February 7, 2007 to October 23, 2007. (*See* FAC at 1.) In 2007, Plaintiff had a pending lawsuit against the California Substance Abuse Treatment Facility ("CSATF") for which he requested that Defendant Sterling, the Legal Technician Assistant, provide him with copies of legal documents. (*Id.* at 4.) Plaintiff claims that Defendant Sterling's "lack of legal assistance" caused Plaintiff to "miss his Court deadline." (*Id.*) Because he claims that Sterling's actions "hindered his efforts to process his legal claims," Plaintiff filed an administrative grievance against Sterling. (*Id.*)

Plaintiff claims that when Sterling became aware of Plaintiff's grievances, she began to lose or misplace Plaintiff's legal documents and refused him access to the prison law library. (*Id.*) As a result, Plaintiff's lawsuit was dismissed. (*Id.*)

Plaintiff further claims that Defendants Salcedo, Baker and Limon "were not supplying Plaintiff with indigent envelopes" so he filed an administrative grievance against Salcedo, Baker and Limon. (*Id.*) Plaintiff informed Salcedo that he had pending litigation which is why he needed the envelopes and requested her assistance to process his legal mail. (*Id.*) Because Salcedo refused to do so, Plaintiff filed another administrative grievance against Salcedo. (*Id.*) Plaintiff alleges that "in retaliation, Defendant Salcedo conspired with Defendants' Baker and Limon" to not "pick up/process Plaintiff's legal mail to the courts." (*Id.*)

Defendant Verkouteren came to Plaintiff's cell on June 3, 2007 to interview Plaintiff with respect to his administrative grievances regarding Salcedo, Baker and Limon. (*Id.* at 5.) Plaintiff alleges Defendant Verkouteren had Salcedo process one piece of Plaintiff's legal mail

---

[1] Plaintiff has also named John and Jane Does as Defendants in this matter but a review of the Court's docket indicates that these Defendants have yet to be properly identified or served.

[2] The Court refers to the following facts based only on Plaintiff's version of the events as set forth in his First Amended Complaint.

2

but he also informed Plaintiff that if Plaintiff continued to file administrative grievances regarding this issue, the Defendants would continue to refuse to process his legal mail. (*Id.*) Plaintiff claims that these statements also indicate a conspiracy between Verkouteren to retaliate against Plaintiff for filing administrative grievances against Salcedo, Baker and Limon. (*Id.*)

On May 30, 2007, Plaintiff was standing outside of the "program office" when Defendant Garza emerged from the office and "gave Plaintiff a direct order to 'stop filing 602's!'" When Plaintiff attempted to explain why he needed to file the grievances, Garza "abruptly cut Plaintiff off yelling '[racial explicative], you don't have any rights, you are a criminal, criminals don't have rights.'" (*Id.*) Garza continued to use racially derogatory language towards him. (*Id.*) Plaintiff claims Defendant Garza "yanked his [stick] from his waistbelt" and ordered Plaintiff to "get down." (*Id.*) Plaintiff complied by laying down on his stomach at which time Garza ordered Defendant Fuga and "Jane Doe" to "cuff him." (*Id.*) Plaintiff informed Defendants Fuga and Doe as they "began to jerk Plaintiff's arms behind his back" that he had a medical chrono indicating that Plaintiff had a disability that provided for him to be handcuffed in the front and not behind his back due to a herniated disk. (*Id.*) Defendants Fuga and Doe ignored this information and were "kneeing Plaintiff roughly in his back, neck and the lower parts" of his body. (*Id.*) Plaintiff claims that a number of medical care employees and correctional officers observed this altercation but failed to protect him from injury.

Plaintiff cried out "you're hurting me." (*Id.* at 6.) "Upon hearing this, Defendant Garza gave Defendants Jane Doe and Fuga a direct order to 'hurt him.'" (*Id.*) Plaintiff claims that Fuga and Doe "became even more malicious and sadistic" by "jerk[ing] twice on Plaintiff's left arm" which resulted in an "audible popping sound." (*Id.*) Plaintiff claims Defendant Garza continued to yell racial explicatives towards him and ordered Fuga and Doe to stand Plaintiff up. (*Id.*) As Plaintiff was crying, he claims that Defendant Garza "saw that he had actually 'silenced' Plaintiff" and ordered Fuga to take Plaintiff back to his cell. (*Id.*) Plaintiff asked Fuga to take him to the infirmary as he was in "extreme pain" but Fuga refused. Plaintiff contends that Garza, Fuga and Doe entered into a conspiracy to deprive him of his constitutional rights.

1   On August 16, 2007, Plaintiff claims that he was asked by Defendant Hodge to "snitch" on another inmate. (*Id.*) When Plaintiff refused, Hodge took Plaintiff's prescription sunglasses. (*Id.*) Because Plaintiff continued to refuse to be a "snitch," and due to the fact that Plaintiff filed a grievance against him, Hodge began acts of retaliation against Plaintiff. (*Id.*) Plaintiff claims that Hodge would take personal property from Plaintiff and give them to other inmates. (*Id.* at 7.) Plaintiff alleges that Hodge would refuse to allow Plaintiff to attend church services or sing in the prison's gospel choir. (*Id.*)

## II. DEFENDANTS VERKOUTEREN, GARCIA, PEDERSON, SALCEDO AND CONTRERAS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

The Court will first consider Defendants Verkouteren, Garcia, Salcedo, Pederson and Contreras arguments that claims against them found in Plaintiff's First Amended Complaint should be dismissed for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

In the case, this Court has already found that Plaintiff failed to exhaust his administrative remedies with respect to Defendants' Verkouteren, Garcia, Pederson, and Contreras and granted their previous Motion to Dismiss. (*See* Sept. 25, 2009 Order Adopting Report and Recommendation Granting Motion to Dismiss at 1.) The claims that form the basis of these action have not changed with respect to the PLRA's exhaustion requirements. Thus, the Court has already considered the arguments and evidence provided by all parties with regard to whether or not Plaintiff properly exhausted his administrative remedies as to the claims against Defendants Verkouteren, Garcia, Pederson and Contreras. The Court has already issued a ruling based on the same set of facts and case law and therefore, it is subject to the law of the case doctrine. *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2003) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (citation omitted).

/ / /

/ / /

/ / /

4

For all the reasons set forth in the Report and Recommendation issued on February 26, 2009 and this Court's Order adopting that recommendation, the claims against Defendants Verkouteren, Garcia, Pederson and Contreras are DISMISSED for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

While the Court's September 25, 2009 Order may not have been clear to Plaintiff, he cannot amend the claims against these Defendants in this action when the dismissal is for failing to properly exhaust administrative remedies. This is due to the fact that Plaintiff must now properly exhaust his administrative remedies as to these Defendants which would then occur *after* Plaintiff filed this action. The Ninth Circuit has held that any claims that a prisoner wishes to bring in an action must be exhausted on the date he files his initial complaint. *See Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006). Thus, it is proper for this Court to dismiss all claims against Defendants Verkouteren, Garcia, Pederson, and Contreras without prejudice but also without leave to amend in this action. If Plaintiff wishes to proceed with his claims against Defendants Verkouteren, Garcia, Pederson, and Contreras he must file a separate action once he has properly exhausted his administrative remedies. In addition, while Defendants Verkouteren, Garcia, Pederson, and Contreras have reitereated their position that Plaintiff failed to exhaust the claims against them, they also attack the claims against them on the merits. The Court will not consider these arguments as those arguments should be decided if and when Plaintiff files a separate action.

Defendant Salcedo also brought a Motion to Dismiss the claims against him for failing to exhaust administrative remedies but Defendants concede in their Reply that Plaintiff did, in fact, exhaust his administrative remedies as to Defendant Salcedo. (*See* Defs.' Reply at 2, fn. 1.) Defendants Salcedo did not claim, as the other Defendants did, in the previous Motion to Dismiss that Plaintiff had failed to exhaust his administrative remedies with respect to the claims against Salcedo. Thus, Defendant Salcedo's Motion to Dismiss for failing to exhaust administrative remedies is DENIED.

/ / /

/ / /

5

## II. Defendants' Motion to Dismiss Plaintiff's Complaint

Aside from the claims against Defendants Verkouteren, Garcia, Pederson, and Contreras, the remaining Defendants seek dismissal of Plaintiff's claims contending that: (1) Plaintiff has failed to adequate state an access to courts claim against any named Defendant; (2) Plaintiff has failed to state a claim of conspiracy; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff failed to comply with the requirements of California Government Claims Act.

### A. FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

### B. Plaintiff's access to courts claim

Plaintiff's first cause of action in his First Amended Complaint is titled "retaliatory denial of Plaintiff's meaningful access to the courts which is guaranteed by the First and Fourteenth

1  Amendments to the United States constitution.³" (FAC at 7.)  Defendants move to dismiss
2  Plaintiff's access to courts claim found in this first cause of action but fail to move with respect
3  to Plaintiff's retaliation claim.
4        Prison officials who deliberately interfere with the transmission of a prisoner's legal
5  papers, or deny him access to a legitimate means to petition for redress for the purpose of
6  thwarting his litigation may violate the prisoner's constitutionally protected right of access to the
7  courts. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996); *Vandelft v. Moses*, 31 F.3d 794, 796 (9th
8  Cir. 1994). However, in order to state a claim for denial of access to the courts, Plaintiff must
9  allege a specific actual injury involving a nonfrivolous legal claim, *Lewis*, 518 U.S. at 351-55,
10 and must allege facts showing that he "could not present a claim to the courts because of the
11 [Defendants'] failure to fulfill [their] constitutional obligations." *Allen v. Sakai*, 48 F.3d 1082,
12 1091 (9th Cir. 1994). The right of access is only guaranteed for certain types of claims: direct
13 and collateral attacks upon a conviction or sentence, and civil rights actions challenging the
14 conditions of confinement. *Lewis*, 518 U.S. at 354. Even among these types of claims, actual
15 injury will exist only if "a nonfrivolous legal claim had been frustrated or was being impeded."
16 *Id.* at 353 & n.3. Thus, to state a claim for interference with the right of access to the courts, an
17 inmate must plead facts sufficient to show that prison officials have actually frustrated or
18 impeded a nonfrivolous attack on either his sentence or the conditions of his confinement. *Id.*
19 at 352-53.
20       Here, Defendants argue that Plaintiff has failed to satisfy the "actual injury" requirement
21 of an access to courts claim. Plaintiff refers to a "lawsuit pending in the courts" and a lawsuit
22 against the "California Substance Abuse Treatment Facility" but gives no other details with
23 respect to these legal matters. (*See* FAC at 4, 7.) Plaintiff does not indicate the underlying
24 nature of any of these pending claims. As correctly noted by Defendants, Plaintiff must allege
25 the "underlying cause of action." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff

---

³ Several times throughout his First Amended Complaint, Plaintiff brings the same claims under several different Constitutional amendments. "Where an amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior,' it is that Amendment, that 'must be the guide for analyzing the complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). Thus, the Court will consider Plaintiff's access to courts and retaliation claims as arising under the First Amendment.

alleges no facts to show that his claims are either a direct and collateral attack upon his conviction or sentence or a civil rights actions challenging the conditions of confinement and that it was "nonfrivolous." *See Lewis*, 518 U.S. at 353, 354. In fact, Plaintiff concedes in his Opposition that he failed to allege the facts giving rise to the underlying cause of action that he claims was dismissed by a court based on the actions of the Defendants. (*See* Pl.'s Opp'n at 12.)

Thus, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's access to courts claim pursuant to FED.R.CIV.P. 12(b)(6).

### C.   Conspiracy claims

Defendants further argue that Plaintiff failed to state a conspiracy claim upon which relief may be granted. In his First Amended Complaint, Plaintiff claims that Defendants acted in a conspiracy to deprive him of his right to "file 602's" and bring a "lawsuit in the courts." (FAC at 5.) Plaintiff refers to conspiracy allegations in his factual allegations but does not set forth a separate cause of action claiming conspiracy in his First Amended Complaint. Therefore, the Court will liberally construe Plaintiff's conspiracy claims to arise under § 1983.

To state a claim of conspiracy under § 1983, however, Plaintiff must allege : "(1) the existence of an express or implied agreement among the defendant[s] ... to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 591 (9th Cir. 2010); *see also Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (plaintiff must allege a "meeting of the minds" to violate the constitution); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim under section 1983 or 1985).

/ / /

/ / /

/ / /

/ / /

Here, Plaintiff has not properly alleged a conspiracy claim because he cannot allege an "actual deprivation of those rights resulting from that agreement." *Avalos*, 596 F.3d at 591. As set forth above, Plaintiff claims that there was a conspiracy to deprive him of access to the courts but as the Court has already found, Plaintiff has failed to properly allege an access to courts claim. Thus, because Plaintiff has not properly alleged an "actual deprivation" of his constitutional rights, he has failed to state a conspiracy claim against any Defendant.

The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's conspiracy claim pursuant to FED.R.CIV.P. 12(b)(6).

### D.     Qualified Immunity

Defendants also seek qualified immunity with respect to Plaintiff's denial of access and conspiracy claims. Because the Court has found that Plaintiff has not adequately stated an access to courts claim or a conspiracy claim, the Court need not reach any issues regarding qualified immunity. *See County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[The better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all."); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

### E.     California Government Claims Act and Immunity under California Law

Defendants Baker, Limon, and Salcedo seek to dismiss Plaintiff's state law claims on the grounds that he failed to comply with the requirements of the California Government Claims Act.

Defendants Baker, Limon and Salcedo argue that any state law claims other than Plaintiff's excessive force claims must be dismissed because Plaintiff failed to submit administrative claims regarding these matters as required by CAL. GOVT. CODE § 945.4. The California Government Claims Act requires that a claim against a state employee be presented to the Victim Compensation and Government Claims Board ("VCGCB") no more than six months after the cause of action accrues. CAL. GOVT. CODE § 945.6.

1       In this matter, Defendants acknowledge that Plaintiff did bring such a claim as to the excessive force issue but failed to file a claim as to any of the other state law claims Plaintiff purports to bring in his First Amended Complaint. In support of their argument, Defendants have supplied the declaration of Susan Antley, the Deputy Attorney General assigned to represent Defendants in this matter. (*See* Declaration of Susan Antley.) In this declaration, Ms. Antley states that the Attorney General's office requested that the VCGCB provide documentation of any and all claims made by Plaintiff. (*Id.* at ¶ 4.) Only one claim was found relating to the May 30, 2007 excessive force allegations. (*Id.* at ¶ 5.) Plaintiff argues in response that he was not required to "name every Defendant" in his claim brought before the VCGCB. (*See* Pl.'s Opp'n at 20-21.) However, Plaintiff may not have to name every Defendant but he would have to identify each claim for which he seeks compensation. Thus, it does not appear that Plaintiff has properly alleged that he "presented" each claim to the VCGCB.

      Therefore, all of Plaintiff's state law claims, with exception of those found in Plaintiff's tenth cause of action in his First Amended Complaint relating to the claims of excessive force are dismissed for failing to comply with CAL. GOVT. CODE § 945.4.

### III. Remaining Claims and Remaining Defendants

      Defendants did not move to dismiss Plaintiff's First Amendment retaliation claims, Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to serious medical needs claims or Eighth Amendment failure to protect claims. Moreover, Defendants Sterling, Grannis and Hodge were only recently served with Plaintiff's First Amended Complaint and are due to file a responsive pleading no later than August 3, 2010. Once the parties have fully briefed the motions that are not yet filed and the Court issues a ruling, Plaintiff will be provided the opportunity to: (1) file a Second Amended Complaint that corrects the deficiencies of pleading noted by the Court in its Orders; or (2) notify the Court that Plaintiff intends to proceed with the claims that survive the Defendants' Motion to Dismiss. At this time, Plaintiff need do nothing until a hearing date has been scheduled for the upcoming Motions and he may file an Opposition or a Notice of Non Opposition to those motions.

///

## IV. Conclusion and Order

For all the foregoing reasons, the Court hereby:

(1) **GRANTS** Defendants Verkouteren, Garcia, Pederson and Contreras' Motion to Dismiss all claims against them without prejudice for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e and for all the reasons set forth in the Court's Order dated September 25, 2009. Because there are no remaining claims against these Defendants, and there is no just reason for delay, the Clerk of Court is directed to enter a final judgment, without prejudice, as to Defendants Verkouteren, Garcia, Pederson and Contreras pursuant to FED.R.CIV.P. 54(b).

(2) **DENIES** Defendant Salcedo's Motion to Dismiss Plaintiff's First Amended Complaint for failing to exhaust his administrative remedies against Salcedo;

(3) **GRANTS** Defendants Baker, Fuga, Garza, Limon, and Salcedo's Motion to Dismiss Plaintiff's access to courts claim for failing to state a claim upon which relief may be granted;

(4) **GRANTS** Defendants Baker, Fuga, Garza, Limon, and Salcedo's Motion to Dismiss Plaintiff's conspiracy claim for failing to state a claim upon which relief may be granted;

(5) **GRANTS** Defendants Baker, Fuga, Garza, Limon, and Salcedo's Motion to Dismiss Plaintiff's state law claims with the exception of those found in Plaintiff's Tenth Cause of Action in his First Amended Complaint for failing to comply with the requirements of the California Government Claims Act.

**IT IS SO ORDERED.**

DATED: July 27, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge