# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN<br>CDCR #K-02554,<br><br>  Plaintiff,<br><br>vs.<br><br>E. GARZA; LUI FUGA; SILVIA GARCIA; ELIAS CONTRERAS; RAY BAKER; RICARDO LIMON; ANGEL SALCEDO; GARY PEDERSON; ANTHONY VERKOUTEREN; JANE DOE; HODGE; STERLING; NOLA GRANNIS; JOHN DOE;<br><br>  Defendants. | Civil No.   08cv1290 BTM (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b) & 12(b)(6)**<br><br>**[Doc. No. 60]** |

**I.     Procedural History**

In this prisoner civil rights case, Whittier Buchanan ("Plaintiff"), is proceeding in pro se and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). Defendants Baker, Contreras, Fuga, Garcia, Garza, Limon, Pederson, Salcedo and Verkouteren filed a Motion to Dismiss Plaintiff's First Amendment Complaint ("FAC") pursuant to

FED.R.CIV.P. 12(b)(6) [Doc. No. 46]. On July 27, 2010, the Court granted in part, and denied in part, Defendants' Motion. (*See* July 27, 2010 Order at 11.) However, because the remaining Defendants, Antley, Grannis and Hodge, had only been recently served in this action, the Court informed Plaintiff to wait until the Court had ruled on Antley, Grannis and Hodge's separate Motion to Dismiss before moving forward. (*Id.* at 10.) The Court made clear to Plaintiff that Defendants Verkouteren, Garcia, Salcedo, Pederson and Contreras were dismissed from this action and Plaintiff could not amend his First Amended Complaint to contain claims against these Defendants. *Id.* at 4-5.

Currently before the Court is Defendants Antley, Grannis and Hodge's ("Defendants") Motion to Dismiss Plaintiff's First Amended Complaint pursuant to FED.R.CIV.P. 12(b) and 12(b)(6) [Doc. No. 60.][1] On August 23, 2010, Plaintiff filed his Opposition to which Defendants have not filed a Reply.

**II.    Factual Background**[2]

In his First Amended Complaint, Plaintiff alleges that the events that gave rise to this action occurred while he was incarcerated at the Richard J. Donovan Correctional Facility ("RJD") from February 7, 2007 to October 23, 2007. (*See* FAC at 1.) In 2007, Plaintiff had a pending lawsuit against the California Substance Abuse Treatment Facility ("CSATF") for which he requested that Defendant Sterling, the Legal Technician Assistant, provide him with copies of legal documents. (*Id.* at 4.) Plaintiff claims that Defendant Sterling's "lack of legal assistance" caused Plaintiff to "miss his Court deadline." (*Id.*) Because he claims that Sterling's actions "hindered his efforts to process his legal claims," Plaintiff filed an administrative grievance against Sterling. (*Id.*)

Plaintiff claims that when Sterling became aware of Plaintiff's grievances, she began to lose or misplace Plaintiff's legal documents and refused him access to the prison law library. (*Id.*) As a result, Plaintiff's lawsuit was dismissed. (*Id.*)

---

[1] Plaintiff has also named John and Jane Does as Defendants in this matter but a review of the Court's docket indicates that these Defendants have yet to be properly identified or served in this matter.

[2] The Court refers to the following facts based only on Plaintiff's version of the events as set forth in his First Amended Complaint.

-2-

1           Plaintiff further claims that Defendants Salcedo, Baker and Limon "were not supplying
2    Plaintiff with indigent envelopes" so he filed an administrative grievance against Salcedo, Baker
3    and Limon. (*Id.*) Plaintiff informed Salcedo that he had pending litigation which is why he
4    needed the envelopes and requested her assistance to process his legal mail. (*Id.*) Because
5    Salcedo refused to do so, Plaintiff filed another administrative grievance against Salcedo. (*Id.*)
6    Plaintiff alleges that "in retaliation, Defendant Salcedo conspired with Defendants' Baker and
7    Limon" to not "pick up/process Plaintiff's legal mail to the courts." (*Id.*)
8           Defendant Verkouteren came to Plaintiff's cell on June 3, 2007 to interview Plaintiff with
9    respect to his administrative grievances regarding Salcedo, Baker and Limon. (*Id.* at 5.)
10   Plaintiff alleges Defendant Verkouteren had Salcedo process one piece of Plaintiff's legal mail
11   but he also informed Plaintiff that if Plaintiff continued to file administrative grievances, the
12   Defendants would continue to refuse to process his legal mail. (*Id.*) Plaintiff claims that these
13   statements indicate a conspiracy between Verkouteren and the other defendants to retaliate
14   against Plaintiff for filing administrative grievances against Salcedo, Baker and Limon. (*Id.*)
15          On May 30, 2007, Plaintiff was standing outside of the "program office" when Defendant
16   Garza emerged from the office and "gave Plaintiff a direct order to 'stop filing 602's!'" When
17   Plaintiff attempted to explain why he needed to file the grievances, Garza "abruptly cut Plaintiff
18   off yelling '[racial explicative], you don't have any rights, you are a criminal, criminals don't
19   have rights.'" (*Id.*) Garza continued to use racially derogatory language towards him. (*Id.*)
20   Plaintiff claims Defendant Garza "yanked his [stick] from his waistbelt" and ordered Plaintiff
21   to "get down." (*Id.*) Plaintiff complied by laying down on his stomach at which time Garza
22   ordered Defendant Fuga and "Jane Doe" to "cuff him." (*Id.*) Plaintiff informed Defendants
23   Fuga and Doe as they "began to jerk Plaintiff's arms behind his back" that he had a medical
24   chrono indicating that Plaintiff had a disability that provided for him to be handcuffed in the
25   front and not behind his back due to a herniated disk. (*Id.*) Defendants Fuga and Doe ignored
26   this information and were "kneeing Plaintiff roughly in his back, neck and the lower parts" of
27   his body. (*Id.*) Plaintiff claims that a number of medical care employees and correctional
28   officers observed this altercation but failed to protect him from injury.

Plaintiff cried out "you're hurting me." (*Id.* at 6.) "Upon hearing this, Defendant Garza gave Defendants Jane Doe and Fuga a direct order to 'hurt him.'" (*Id.*) Plaintiff claims that Fuga and Doe "became even more malicious and sadistic" by "jerk[ing] twice on Plaintiff's left arm" which resulted in an "audible popping sound." (*Id.*) Plaintiff claims Defendant Garza continued to yell racial explicatives towards him and ordered Fuga and Doe to stand Plaintiff up. (*Id.*) As Plaintiff was crying, he claims that Defendant Garza "saw that he had actually 'silenced' Plaintiff" and ordered Fuga to take Plaintiff back to his cell. (*Id.*) Plaintiff asked Fuga to take him to the infirmary as he was in "extreme pain" but Fuga refused. Plaintiff contends that Garza, Fuga and Doe entered into a conspiracy to deprive him of his constitutional rights.

On August 16, 2007, Plaintiff claims that he was asked by Defendant Hodge to "snitch" on another inmate. (*Id.*) When Plaintiff refused, Hodge took Plaintiff's prescription sunglasses. (*Id.*) Because Plaintiff continued to refuse to be a "snitch," and due to the fact that Plaintiff filed a grievance against him, Hodge began acts of retaliation against Plaintiff. (*Id.*) Plaintiff claims that Hodge would take personal property from Plaintiff and give them to other inmates. (*Id.* at 7.) Plaintiff alleges that Hodge would refuse to allow Plaintiff to attend church services or sing in the prison's gospel choir. (*Id.*)

**III.  DEFENDANTS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)**

The Court will first consider Defendants Grannis and Sterling's[3] arguments that claims against them found in Plaintiff's First Amended Complaint should be dismissed for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

**A.  Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)**

Defendants Grannis and Sterling claim Plaintiff failed to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before bringing this suit, therefore, they seek dismissal under the "non-enumerated" provisions of FED.R.CIV.P. 12(b). The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the

---

[3] Defendant Hodge does not join in the Motion to Dismiss Plaintiff's claims against him based on failing to exhaust his administrative remedies

-4-

1  merits of the case and is properly raised pursuant to a motion to dismiss, including a non-
2  enumerated motion under FED.R.CIV.P. 12(b). *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th
3  Cir. 2003) It is also well established that non-exhaustion of administrative remedies as set forth
4  in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the
5  burden of raising and proving. *See Jones v. Bock,* 594 U.S. 199, 216 (2007); *Wyatt*, 315 F.3d
6  at 1119. However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to
7  exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed
8  issues of fact." *Wyatt*, F.3d at 1120.

9  **B.  Exhaustion of Administrative Remedies per 42 U.S.C. § 1997e(a)**

10  The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide
11  that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a
12  prisoner confined in any jail, prison or other correctional facility until such administrative
13  remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of
14  the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v.*
15  *Nussle*, 534 U.S. 516, 532 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford
16  [ ] corrections officials time and opportunity to address complaints internally before allowing
17  the initiation of a federal case, *id.* at 525-26. Finally, "[t]he 'available' 'remed[y]' must be
18  'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief
19  offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001);
20  *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's
21  civil rights action must be dismissed without prejudice unless prisoner exhausted available
22  administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending).

23  The State of California provides its prisoners and parolees the right to administratively
24  appeal "any departmental decision, action, condition or policy perceived by those individuals as
25  adversely affecting their welfare." CAL. CODE REGS., tit. 15 § 3084.1(a). In order to exhaust
26  available administrative remedies within this system, a prisoner must proceed through several
27  levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3)
28  second level appeal to the institution head or designee, and (4) third level appeal to the Director

of the California Department of Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15 § 3084.5).

### C. Application of 42 U.S.C. § 1997e(a) to Plaintiff's Case

Defendants argue that Plaintiff failed to exhaust his administrative remedies *prior* to filing this lawsuit. Defendants support their arguments with two separate declarations submitted by D. Foston, Chief of the Inmate Appeals Branch in Sacramento, California. (*See* D. Foston Declaration, Doc. Nos. 60-2 and 60-3.)

#### 1. Claims against Defendant Sterling

Plaintiff alleges that Defendant Sterling was the "Legal Technical Assistant" at RJD. (*See* FAC at 4.) Plaintiff alleges that in 2007, Defendant Sterling failed to make copies of documents that were necessary to proceed in a separate action pending against the California Substance Abuse Treatment Facility. (*Id.*) As a result, Plaintiff's alleges that this separate action was dismissed. (*Id.*) Plaintiff claims that he submitted a grievance objecting to Sterling's actions which then caused Sterling to retaliate against Plaintiff. (*Id.*)

Defendants submit the declaration of Foston in which he indicates he reviewed the records at the Office of Inmate Appeals Branch for any and all grievances filed by Plaintiff relating to events that occurred while he was incarcerated at RJD. (*See* Foston Decl., Doc. No. 60-3, at ¶ 8(a)-(b).) Foston declares that Plaintiff's only grievance related to his access to courts claim is one in which he claims that the RJD's Trust Account Office refused to supply Plaintiff with documents required by the Court to proceed *in forma pauperis* in his separate action against the CSATF. (*Id.* at ¶ 9(a), Ex. A., Director's Level Appeal Decision, Aug. 15, 2007, Log. No. RJD-07-520.)

In Plaintiff's Opposition, he submits a copy of an initial grievance which he claims relates to his allegations against Defendant Sterling. (*See* Pl.'s Opp'n, Ex. 3, Inmate/Parolee Appeal Form dated February 7, 2007, Log No. RJD 07-570.) In this grievance Plaintiff alleges that the RJD Trust Account Office had failed to send him the documents required by the Court in the Eastern District to proceed IFP. (*Id.*) As a result, Plaintiff states in this grievance that his "court action may be dismissed" if he does not receive these documents. (*Id.*) In addition,

1  Plaintiff states in his grievance that he should receive "priority use of the law library - but I hear
2  that there isn't one." (*Id.*)

3  Plaintiff does not allege in his FAC that Defendant Sterling is employed in RJD's Trust
4  Account Office, nor does he allege that Defendant Sterling refused to give him priority status
5  in the law library. These are the only two initial allegations in the grievance filed by Plaintiff that
6  he claims in his Opposition relates to Defendant Sterling.  The allegations in the grievances do
7  not match the allegations in the First Amended Complaint against Defendant Sterling. Thus, the
8  Court finds that Defendants have met their burden to show that Plaintiff did not exhaust his
9  administrative remedies as to the claims against Defendant Sterling.  Defendant Sterling's
10  Motion to Dismiss Plaintiff's claims is granted for failing to exhaust his administrative remedies
11  pursuant to 42 U.S.C. § 1997e.

12  **2.   Claims against Defendant Grannis**

13  Defendants submit a second declaration from Foston to support their claim that Plaintiff
14  failed to exhaust his available administrative remedies against Defendant Grannis, former Chief
15  of Inmate Appeals Branch. (*See* Foston Decl., Doc. No. 60-2.)  Foston declares that he has
16  searched the records in the Office of the Inmate Appeals Branch which "revealed no third level
17  appeals have been accepted for review by the Inmate Appeals Branch" relating to the claims
18  against Defendant Grannis. (Foston Decl., Doc. No. 60-2, at ¶ 9.)

19  The claims against Defendant Grannis found in Plaintiff's First Amended Complaint
20  allege that she participated in a "conspiracy of retaliation" against Plaintiff and that she
21  "acquiesced" to other Defendants "get tough" policies. (FAC at 12.) Defendants argue that
22  Plaintiff did not submit any grievances relating to these claims.  Plaintiff claims he did exhaust
23  his administrative remedies as to Grannis  and provides the Director's Level Appeal Decision
24  dated February 27, 2008 to support his claim. (*See* Pl.'s Opp'n, Ex. 1, Director's Level Appeal
25  Decision dated Feb. 27, 2008, Log No. RJD-07-02086.) In this response by Defendant Grannis,
26  Plaintiff's grievance against Defendant Hodge is denied. (*Id.*)

27  Plaintiff claims that his administrative appeal against Hodge was enough to make
28  Defendant Grannis "'alert' to the nature of the wrongs." (Pl.'s Opp'n at 10.)  It is correct that

exhaustion does not require a "name-all-defendants" rule, as the Supreme Court has held that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Jones*, 549 U.S. at 219. However, the Supreme Court also stated that the "primary purpose of a grievance is to alert prison officials to a problem." *Id.* In the grievance responded to by Defendant Grannis, Plaintiff's allegations are specific to the actions of Defendant Hodge. (*See* Pl.'s Opp'n, Ex. 1.) There are no allegations in Plaintiff's grievances of a "conspiracy" or "get tough" policies involving any other correctional officer that would alert Defendant Grannis that she was directly involved in any of the alleged wrongdoings. Moreover, the Court has previously dismissed all of Plaintiff's conspiracy claims against all Defendants. (*See* July 27, 2010 Order at 8-9.)

The Court finds that Defendant Grannis has met her burden to show that Plaintiff failed to exhaust his administrative remedies as to claims brought against her pursuant to 42 U.S.C. § 1997e.

The Court **GRANTS** Defendants Grannis and Sterling's Motion to Dismiss Plaintiff's First Amended Complaint for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the proper course of action is to dismiss all claims against these Defendants without prejudice to Plaintiff re-filing a separate action following proper exhaustion, the Court will not rule on the remaining arguments filed by these Defendants challenging the merits of Plaintiff's claims.

**IV. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint**

Because the Court has dismissed all the claims against Defendants Sterling and Grannis, the only remaining arguments are Defendant Hodge's Motion to Dismiss Plaintiff's claims for damages and dismissal of Plaintiff's state law claims due to failure to comply with the California Government Claims Act.

/ / /

/ / /

/ / /

/ / /

### A. FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

### B. Claims for Damages

Defendant Hodge claims that Plaintiff cannot recover damages as a result of his alleged actions because Plaintiff has failed to allege any physical injury as required by 42 U.S.C. § 1997e(e). The claims that remain against Defendant Hodge arise from claims of retaliation. The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). However, this provision does not apply to allegations of constitutional violations not premised on mental or emotional injury. *See Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (holding that 42 U.S.C. § 1997e(e), requiring a prior showing if physical injury, "does not apply to First Amendment claims regardless of the form of relief sought.").

Plaintiff's retaliation claims are premised on a violation of his First Amendment rights and thus, the physical injury requirement of § 1997e(e) does not apply to these claims. *Id.* Defendant Hodge's Motion to Dismiss Plaintiff's claims for damages is **DENIED**.

### D. California Government Claims Act and Immunity under California Law

Like the previous Defendants, Defendant Hodge moves to dismiss Plaintiff's state law claims on the grounds that he failed to comply with the requirements of the California Government Claims Act. Defendant Hodge argues that any state law claims based on Plaintiff's claims of retaliation, denial of access to the courts, or deliberate indifference must be dismissed because Plaintiff failed to submit administrative claims regarding these matters as required by CAL. GOVT. CODE § 945.4. The California Government Claims Act requires that a claim against a state employee be presented to the Victim Compensation and Government Claims Board ("VCGCB") no more than six months after the cause of action accrues. CAL. GOVT. CODE § 945.6.

In support of his argument, Defendant Hodge has supplied the declaration of Susan Antley, the Deputy Attorney General assigned to represent Defendants in this matter. (*See* Declaration of Susan Antley.) In this declaration, Ms. Antley states that the Attorney General's office requested that the VCGCB provide documentation of any and all claims made by Plaintiff. (*Id.* at ¶ 3.)

The VCGCB supplied Ms. Antley with copies of two claims submitted by Plaintiff. (*Id.*, Exhibit "A.") In his First Amended Complaint, Plaintiff claims that Defendant Hodge retaliated against him because Plaintiff refused to "snitch" on an inmate Plaintiff claimed Defendant Hodge wanted to fire. (*See* FAC at 6.) According to the records attached to Ms. Antley's declaration, neither claim submitted by Plaintiff to the VCGCB relate in any way to the claims against Defendant Hodge. Plaintiff argues in his Opposition that he was physically unable to file claims against Defendant Hodge with the VCGCB because he suffered injuries as a result of retaliation by Defendants Garza, Fuga and Jane Doe due to filing grievances against Defendant Sterling. (*See* Pl.'s Opp'n at 11-12.)

///

Plaintiff claims against Defendant Hodge arose in August of 2007. (*See* FAC at 6-7.) Plaintiff did submit a claim against Defendants Garza, Fuga, John Doe and Garcia with the VCGCB on September 14, 2007. (*See* Antley Decl., Ex. "A," Govt. Claims Form dated September 14, 2007.) There is no mention of the claims pertaining to Defendant Hodge in this claim. Moreover, Plaintiff provides no explanation as to why he was physically able to submit the claim against the other Defendants in the same time frame as his claims against Defendant Hodge arose. Plaintiff has provided no documentation to rebut Defendant Hodge's showing that he failed to present a claim to the VCGCB.

Therefore, Plaintiff's state law claims against Defendant Hodge are dismissed for failing to comply with CAL. GOVT. CODE § 945.4.

**IV. Remaining Claims and Remaining Defendants**

This is the second Motion to Dismiss filed in this action pertaining to Plaintiff's First Amended Complaint. As noted in the Court's previous Order, Defendants did not move to dismiss Plaintiff's First Amendment retaliation claims, Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to serious medical needs claims or Eighth Amendment failure to protect claims.

The Court informed Plaintiff that once there was an Order issued as to all Motions to Dismiss, Plaintiff would be provided the opportunity to: (1) file a Second Amended Complaint that corrects the deficiencies of pleading noted by the Court in its Orders; or (2) notify the Court that Plaintiff intends to proceed with the claims that survive the Defendants' Motion to Dismiss. Now that the Court has issued its rulings, Plaintiff has thirty (30) days to file his Second Amended Complaint or notify the Court that he is proceeding with the claims that remain. Plaintiff is cautioned that if he chooses to file an Amended Complaint, he may not rename or re-allege any claims relating to Defendants Verkouteren, Garcia, Pederson, Contreras, Sterling or Grannis. All the claims against these Defendants have been dismissed without prejudice to allow Plaintiff to re-file in a separate action once he has properly exhausted his administrative remedies.

///

## VI. Conclusion and Order

For all the foregoing reasons, the Court hereby:

(1) **GRANTS** Defendants Sterling and Grannis' Motion to Dismiss all claims against them without prejudice for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. Because there are no remaining claims against these Defendants, and there is no just reason for delay, the Clerk of Court is directed to enter a final judgment, without prejudice, as to Defendants Sterling and Grannis pursuant to FED.R.CIV.P. 54(b).

(2) **DENIES** Defendant Hodge's Motion to Dismiss Plaintiff's claim for damages; and

(3) **GRANTS** Defendants Hodge's Motion to Dismiss Plaintiff's state law claims against him for failing to comply with the requirements of the California Government Claims Act.

DATED: October 14, 2010

Honorable Barry Ted Moskowitz
United States District Judge