UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN,<br><br>                    Plaintiff,<br>v.<br>EDUARDO GARZA, et al.,<br>                    Defendants. | CASE NO. 08-1290-BTM(WVG)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. # 73) |

      On February 7, 2011, Plaintiff filed a Motion for Appointment of Counsel. Plaintiff claims that he is entitled to the appointment of counsel because he can not afford counsel, and as an inmate under the supervision of the California Department of Corrections, has limited access to the law library and limited legal knowledge.

      "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have

1  discretion, however, pursuant to 28 U.S.C. § 1915(e)(1),[1] to "request" that an attorney
2  represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v.
3  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th
4  Cir. 1989). "To show exceptional circumstances the litigant must demonstrate the likelihood
5  of success and complexity of the legal issues involved." Burns, 883 F.2d at 823 (citation
6  omitted); Hedges, 32 F.3d at 1363; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.
7  1990). Neither the likelihood of success nor the complexity of the case are dispositive; both
8  must be considered. Terrell, 935 F.2d at 1017; Wilborn v. Escalderon, 789 F.2d 1328, 1331
9  (9th Cir. 1986).

10  Here, it appears that plaintiff has a sufficient grasp of his case, the legal issues involved,
11  and is able to adequately articulate the basis of his Complaint. Under these circumstances, the
12  Court DENIES Plaintiff's Motion for Appointment of Counsel because it is not warranted by
13  the interests of justice. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

15  DATED: February 9, 2011

_____
Hon. William V. Gallo
U.S. Magistrate Judge

---

[1] 28 U.S.C. § 1915 was substantially amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321-66 to 1321-77 (1996). Section 1915(e)'s counsel provisions were formerly codified at 28 U.S.C. § 1915(d).