UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN,<br><br>        Plaintiff,<br><br>v.<br><br>E. GARZA, *et al.*,<br><br>        Defendants.<br>_____ | Civil No. 08-CV-1290-BTM(WVG)<br><br>**ORDER DENYING AS MOOT MOTION FOR JOINDER**<br><br>[Doc. No. 75] |

Plaintiff, a California state prisoner proceeding *in propria persona*, moves the Court to "join defendants in each order,[1] uniting them as parties in this action." (Doc. No. 75 at 1.) Because all persons Plaintiff wishes to join are presently parties in this action, the Court DENIES Plaintiff's motion as moot.

Federal Rules of Civil Procedure 19 and 20 govern the mandatory and permissive joinder of persons who are presently <u>not</u> parties to an action. <u>United States ex rel. Morongo Band of Mission Indians v. Rose</u>, 34 F.3d 901, 908 (9th Cir. 1994) (explaining that "[t]he purpose of Rule 19(a)(2)(i) is to protect the legitimate

---

[1] The Court issued two orders on two separate motions to dismiss. (Doc. Nos. 62, 67.)

interests of <u>absent parties</u>, as well as to discourage multiplicitous litigation.") (emphasis added).

Plaintiff points to two orders on two different motions to dismiss and seeks to have the parties that remain in the suit after those orders "joined." He names the following persons: Salcedo, Baker, Limon, Fuga, Garza, Hodge, and Jane Doe. All of these individuals are currently named parties to this suit.

Plaintiff's motion is apparently based on confusion over the meaning or purpose of the Rules' joinder provisions. Because all of the persons Plaintiff's motion names are presently parties to this suit, they are not outsiders and Plaintiff's motion is not necessary. In other words, it makes no sense for the Court to join persons who are already parties. Moreover, all of the claims Plaintiff mentions in his motion have already been asserted in his First Amended Complaint.

If Plaintiff did not intend to invoke Rules 19 and 20 or use "join" in the manner the Court has explained, the Court is at a loss as to what Plaintiff is actually attempting to move the Court to do. As a result, the Court cannot construe the motion as anything other than one under Rules 19 or 20.

Based on the foregoing, Plaintiff's motion is DENIED AS MOOT. If Plaintiff intended to move the Court for something else, he may file another motion and explain precisely what he wants.

IT IS SO ORDERED.

DATED: July 11, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. William V. Gallo
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge