UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WHITTIER BUCHANAN, | ) | Civil No. 08-CV-1290-BTM (WVG) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION TO APPOINT COUNSEL** |
| v. | ) | |
| | ) | [Doc. No. 130] |
| E. GARZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

On July 26, 2012, Plaintiff filed a fourth Motion to Appoint Counsel.  (Doc. No. 130.)  On June 17, 2009, the Honorable Barry Ted Moskowitz, United States District Judge, denied Plaintiff's first two Motions to Appoint Counsel.  (Doc. No. 34.)  On February 9, 2011, this Court denied Plaintiff's third Motion to Appoint Counsel, finding that Plaintiff "has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his Complaint."  (Doc. No. 76 at 2.)  In his instant Motion, Plaintiff simply regurgitates the same grounds for requesting counsel, but now asserts that he is entitled to the appointment of counsel because he has a heart condition, takes nitro tablets for pain, and experiences mood swings.  (Doc. No. 130 at 1.)  For the reasons stated below, Plaintiff's Motion is DENIED.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District

08CV1290

1   Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564,

2   569 (9th Cir. 1995).  However, district courts do have discretion, pursuant to 28 U.S.C. § 1915(e)(1),

3   to "request" that an attorney represent indigent civil litigants upon a showing of exceptional

4   circumstances.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

5   "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an

6   evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's

7   ability to articulate his claims 'in light of the complexity of the legal issues involved.'"  Agyeman,

8   390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also

9   Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

10         The Court finds that Plaintiff's First Amended Complaint ("FAC") involves relatively

11   straightforward claims related to the alleged use of excessive force against him, denial of meaningful

12   access to the courts, and denial of medical treatment.  (See Doc. No. 40.)  Plaintiff's FAC has

13   survived the initial screening required by 28 U.S.C. § § 1915(e)(2) and 1915A, and also survived, in

14   part, Defendants' Motion to Dismiss.  (Doc. No. 62.)  Thus, this Court finds that Plaintiff has

15   demonstrated the ability to articulate essential facts supporting his claims, and he appears to have an

16   adequate grasp of his case, as well as the legal issues involved.  (Doc. No. 40; See Terrell, 935 F.2d

17   at 1017.)

18         Further, the Court takes this opportunity to address Plaintiff's conduct during a telephonic

19   Settlement Conference held on July 20, 2012.  During the Conference, Plaintiff was disrespectful to

20   defense counsel and to the Court.  The Court should not have to instruct parties, counsel, or pro se

21   litigants on the proper way to behave while participating in judicial proceedings, and it certainly

22   should not have to give a basic lesson on respect.  Plaintiff is now on notice that another display of

23   the condescending and rude behavior exhibited at the Conference will not be tolerated during any

24   further interactions that Plaintiff may have with this Court.

25         During the Conference, Plaintiff claimed to be in pain, and represented that he had just

26   taken nitro tablets.  Plaintiff asserts in his instant Motion that these are the new reasons that he must

27   be appointed counsel.  However, Plaintiff's alleged pain and consumption of nitro tablets did not

28   appear to diminish his vigor, nor his ability to strongly assert his position.  Plaintiff was extremely

combative throughout the Conference, but he argued his position clearly to the Court and defense counsel.  Despite his claims of pain and the use of medication, Plaintiff appeared to be a very zealous advocate for himself.

Because Plaintiff has not satisfied the standards required for an appointment of counsel in a civil action, Plaintiff's Motion to Appoint Counsel is DENIED.

IT IS SO ORDERED.

DATED:  August 9, 2012

_____
Hon. William V. Gallo
U.S. Magistrate Judge

08CV1290