UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN, CDCR #K-02554,<br><br>Plaintiff,<br><br>vs.<br><br>EDUARDO GARZA, et al.,<br><br>Defendants. | Civil No. 08cv1290 BTM (WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS UNDER 28 U.S.C. § 1915(g)**<br><br>**[ECF No. 149]** |

I. **PROCEDURAL HISTORY**

This matter, which has been pending for over five years and is nearing a trial date, has a lengthy procedural history. For the purposes of the motion currently before the Court, only the relevant procedural history will be addressed. Plaintiff initially filed this action on July 17, 2008. (ECF No. 1.) The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* and directed the United States Marshal's Service to effect service of the Complaint on September 19, 2008. (ECF No. 3.) Defendants filed their first Motion to Dismiss approximately five years ago on November 26, 2008. (ECF No. 14.) There have been numerous other motions, including Defendants' Motion for Summary

Judgment which was partially denied by this Court on March 27, 2012, approximately two years ago. (ECF No. 125.)

Pro Bono Counsel for Plaintiff was recently appointed on January 7, 2014. On January 29, 2014, Defendants filed a "Motion to Revoke Plaintiff's IFP Status" which is the matter currently pending before this Court. (ECF No. 149.) Plaintiff has filed an Opposition, to which Defendants filed a Reply. (ECF Nos. 155, 156.) On April 16, 2014, the Court held a hearing at which both parties were present.

## II. DEFENDANTS' MOTION

### A. Three strike provision

In this motion, Defendants seek revocation of Plaintiff's IFP status and dismissal of this action for failing to pay the initial civil filing fee. (*See* Defs.' Memo of Ps & As [ECF No. 20-1] at 1-2.) Defendants also seek judicial notice of previous civil filings by Plaintiff. (*See* Defs. Req. for Judicial Notice (ECF No. 20-2). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007). Therefore, the Court grants Defendants' request for judicial notice.

Defendants argue that Plaintiff is not entitled to IFP status in this matter based on his previous litigation history. *See* 28 U.S.C. § 1915(g). The Prison Litigation Reform Act provides that a prisoner may be precluded from proceeding IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Defendants allege that Plaintiff has filed, at least, five actions prior to the filing of this action in 2008 which constitute "strikes" for 1915(g) purposes. They are as follows:

1. *Buchanan v. Chavez*, N.D. Cal. Civil Case No. 4:99-cv-3991 (Order dismissing action pursuant to "three strikes" provision of 28 U.S.C. § 1915(g) dated Nov. 3, 1999);

2. *Buchanan v. Perez*, N.D. Cal. Civil Case No. 4:99-cv-3990 (Order dismissing action dated Nov. 3, 1999);

3. *Buchanan v. LaMarque*, N.D. Cal Civil Case No. 4:99-cv-3911 (Order dismissing action dated Oct. 28, 1999); and *Buchanan v. LaMarque*, N.D. Cal. Civil Case No. 4:99-cv-3946 CW (Order dismissing action dated Oct. 28, 1999); and

4. *Buchanan v. Terhune*, N.D. Cal. Civil Case No. 4:99-cv-2976 (Order dismissing action dated July 1, 1999).

The Court finds that the first action referenced, *Buchanan v. Chavez*, is not clearly a "strike" for § 1915(g) purposes. In the order, the court dismissed the action pursuant to § 1915(g). The court in that matter did not clearly indicate that the action was also dismissed for failing to state a claim, as frivolous or malicious.

However, as to the remaining four actions submitted by Defendants, the Court does find that these actions are "strikes" within the meaning of § 1915(g). In each of these cases, the district court did dismiss all of the claims for failing to state a claim or as frivolous and noting that, in the alternative, the actions were subject to dismissal pursuant to § 1915(g).

**B.   Laches**

Plaintiff argues that laches prevents the Defendants from raising this issue due to the fact that it could have been raised at the initial stages of the proceeding. Laches is an equitable defense that prevents a party who "with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950-51 (9th Cir. 2001) (internal citations omitted.) The Court must look to the delay in raising the § 1915(g) issue and determine whether the delay was unreasonable. *Evergreen Safety Counsel v. RSA Network, Inc.*, 697 F.3d 1221, 1226-27 (9th Cir. 2012.)

Here, counsel for Defendants indicates that, while they were aware Plaintiff had filed a number of previous lawsuits, they did not have access to the orders noting the reason for the dismissals because they had been archived and were not accessible electronically. Counsel for Defendants also states that they were able to obtain a copy of these orders when she recently learned that Plaintiff's IFP status had been recently revoked in a case in the Eastern District of California. *See* Antly Decl. at ¶ 7. The Court finds that the delay was unreasonable. If counsel in the Eastern District matter was able to research these previous cases filed by Plaintiff, there is no reasonable explanation given for why counsel for Defendants in this matter failed to do so when they first appeared in the case in November 2008. The "strikes" by Plaintiff were cases filed in 1999 and this case was filed in 2008. However, this motion was not brought until over five years later based on information that was available to the Defendants when they first appeared in this action.

To establish a laches defense, Plaintiff must also show that he suffered prejudice as a result of this delay. *See Save the Peaks Coalition v. U.S. Forest Service*, 669 F.3d 1025, 1031 (9th Cir. 2012). Plaintiff may be prejudiced if this action is dismissed for failing to pay the initial civil filing fee because he may potentially be barred from refiling this action by the applicable statute of limitations. However, this is the same situation Plaintiff faced at the time of the filing of the action and he placed himself in this situation by failing to disclose his "three strike" status in 2008. Had he disclosed this status, this would have given him a greater length of time under the applicable statute of limitation to either raise the funds to pay the filing fee or attempt to successfully argue that he was entitled to the imminent danger exception of § 1915(g). However, the potential prejudice Plaintiff may suffer is his own fault.

Defendants also argue that the laches defense is not available to Plaintiff because he has unclean hands. The unclean hands doctrine "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." *Dollar Systems, Inc., v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989)

(citation omitted.) Specifically, Defendants argue that Plaintiff knew he had "three strikes" at the time he filed this action but failed to disclose it to the Court. *See Buchanan v. Chavez*, N.D. Cal. Civil Case 4:99-CV-3991 (November 3, 1999). Plaintiff argues in response that he was under no obligation to report the previous lawsuits that he had brought prior to this action or that he had been adjudicated to have three strikes. However, Plaintiff relies on equity to defeat dismissal. Given that he was aware that a court had found him to already have three strikes and denied him IFP status, his ignoring this fact and applying to this Court for IFP status defeats his laches defense. The court's order in *Buchanan v. Chavez* in 1999 clearly identified Plaintiff's status as a party with "three strikes" and thus, he was at the very least obligated to demonstrate that he was entitled to the three strike rule exception by stating in his pleading that he was "under imminent danger of serious physical injury" at the time of filing. *See* 28 U.S.C. § 1915(g). He failed to do so. Therefore, the Court finds that the laches defense is not available to Plaintiff because he does not have clean hands.

While the Court will revoke Plaintiff's IFP status, the Court will allow Plaintiff the opportunity to pay the initial civil filing fee which is the same result that would have occurred if Defendants had filed this Motion soon after they first appeared in the action.[1] Accordingly, the Court finds that Plaintiff cannot defeat Defendants' Motion with a laches defense.

### III. CONCLUSION AND ORDER

1. Defendants' Motion to Revoke Plaintiff's IFP status is **GRANTED** pursuant to 28 U.S.C. § 1915(g).

---

[1] While certain costs are reimbursable through the Court's Pro Bono Fund, the Court will not approve a request to reimburse the initial filing fee. Because Plaintiff is barred from proceeding IFP, the Court's funds cannot be used to undermine the intent of § 1915(g). However, this is limited to the initial filing fee costs. The Court will consider any other expenses under the guidelines found in Local Rule 83.8.

2. Plaintiff has until **August 1, 2014** to pay the initial civil filing fee in the amount of $350.00.[2]

3. Alternatively, Plaintiff may file a renewed Motion to Proceed IFP, along with a declaration seeking to established that he was in "imminent danger of serious physical injury" at the time he filed this action on July 17, 2008 pursuant to 28 U.S.C. § 1915(g). If Plaintiff chooses to file a renewed Motion, he must do so no later than sixty (60) days following entry of this Order.

If Plaintiff fails to pay the filing fee and is unsuccessful with a renewed Motion, the Court will dismiss this action in its entirety.

DATED: April 22, 2014

*Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[2] The current cost of a civil filing fee is $350 plus a $50 administrative fee. However, the Court will apply the cost as it was in 2008 when Plaintiff initially filed this action.